**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TERRY HELTON, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|     vs. | )     No. 4:05CV13-DJS |
| | ) |
| CITY OF VALLEY PARK, et al., | ) |
| | ) |
|         Defendants. | ) |

<u>ORDER</u>

Plaintiff's claims in this action arise from the termination of her employment as administrative assistant to the mayor of Valley Park, Missouri, which she alleges was motivated by her "political and personal affiliations and political actions as a result of those affiliations, as well as her refusal to secretly tape record another city employee when instructed to so by [the mayor] and his wife." First Amended Complaint [Doc. #27], ¶35 at 9. Plaintiff seeks relief on theories of violation of her free speech, free association and substantive due process rights under the United States Constitution, as well as on a theory of wrongful discharge in violation of public policy. The first amended complaint alleges that after her October 7, 2003 termination by the mayor, the Board of Aldermen on October 20, 2003 voted 5-0 (with two abstentions) "to condemn the actions of [the mayor] as inappropriate," and that the mayor refused to comply with either

the Board's request for an explanation of plaintiff's termination or its recommendation that plaintiff be reinstated. Id. at ¶26, p.7. The named defendants are the City of Valley Park and its mayor, Daniel Michel.

Now before the Court is defendant City of Valley Park's motion for protective order, seeking various sanctions against plaintiff based on the alleged violation of Rule 4-4.2 of the Missouri Rules of Professional Conduct by plaintiff's counsel. That rule of conduct, adopted by this Court in its Local Rule 12.02, provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so.

The motion will be denied. The Court is not persuaded to grant any of the requested relief for the following reasons.

The City does not make an adequate record of the alleged contacts to permit the Court to determine whether they are forbidden under the rule cited. Movant alleges contacts by plaintiff's counsel with current members of the City's Board of Alderman prior to the filing of the litigation. The evidence of the contacts takes the form of brief affidavits of two aldermen, neither of which establishes that the contacts involved communication "about the subject of the representation," as prohibited by the rule. Def. Exh. 6 [Doc. #31.6] and Def. Exh. 6A Doc. #42.1]. Furthermore, the application of the rule to pre-

litigation conduct is uncertain.  See Calloway v. DST Systems, Inc., 2000 WL 230244, *3 (W.D.Mo. 2000).

The City relies heavily on Hammond v. City of Junction City, Kansas, 167 F.Supp.2d 1271 (D.Kan. 2001).  The Court finds the relevant circumstances in Hammond not to be analogous to those at bar.  There, in a race discrimination case, plaintiff's counsel had contact with the defendant city's Director of Human Relations, who clearly had managerial responsibilities in areas directly involved in the plaintiff's discrimination claims.  In the instant case, the City fails to show that the members of its Board of Aldermen had any managerial role or responsibility in plaintiff's employment or her termination by the mayor.  Suggesting to the contrary are the allegations that the Board condemned the firing and that since plaintiff's termination the City has amended its policies and procedures "to remove the power to terminate city employees from the mayor."  First Amended Complaint [Doc. #27], ¶32 at 9.

The Comment to Rule 4-4.2 recognizes the following limitation on the rule's prohibition: "Communications authorized by law include, for example, the right of a party to a controversy with a government agency to speak with government officials about the matter."  Plaintiff takes the position that this comment legitimizes her counsel's contacts with the alderman as government officials.  The City contends that the use of "party" rather than "lawyer" (as used in the rule) limits the exception to plaintiff

herself. The Court need not resolve the dispute, but notes that under the City's more limited interpretation of the comment, the comment would be unnecessary as the rule governs only the conduct of counsel. The comment purports to be an example of "communications authorized by law" within the meaning of the rule, and the communications governed by the rule are those of lawyers. In any event, to the extent the City complains of plaintiff's own contacts with aldermen, no relief is warranted because plaintiff's conduct is not governed by the rule, first because she is not an attorney and second because the comment appears expressly to permit such contacts.

The Court does not agree with movant's characterization of plaintiff's counsel's letter of April 29, 2005 [Def. Exh. 8, Doc. #31.8] as stating an intention to continue to contact aldermen ex parte. Nor is it clear from the record that plaintiff seeks to (or could) use the statements of any aldermen to bind the City. If that could be done, plaintiff's case would presumably be much easier, given that one of the alderman is plaintiff's husband, who might be expected to support her version of the facts.

Finally, to the extent the City cites plaintiff's counsel's Sunshine Law requests directed to city officials, the City fails to demonstrate that such requests do not remain available to plaintiff, in addition to methods of discovery available in litigation.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant City of Valley Park's motion for protective order [Doc. #31] is denied.

Dated this _15th_ day of June, 2005.

 /s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE